**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHERYL A. FAGG,
Plaintiff-Appellant,

v.

No. 98-2644

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Glen E. Conrad, Magistrate Judge.
(CA-98-118-R)

Submitted: April 30, 1999

Decided: August 23, 1999

Before WILKINS and NIEMEYER, Circuit Judges,
and HALL,* Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles D. Bennett, Jr., Roanoke, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Alonzo H. Long, Assistant

_____
*Senior Judge Hall was assigned to the panel for this case but died
prior to the time the decision was filed. The decision is filed by a quorum
of the panel. 28 U.S.C. § 46(d).

United States Attorney, Arthur J. Fried, General Counsel, Charlotte J. Hardnett, Principal Deputy General Counsel, John M. Sacchetti, Associate General Counsel, Etzion Brand, Acting Chief, Retirement, Survivors and Supplemental Assistance Litigation Branch, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Cheryl Fagg appeals the district court's order dismissing this action seeking social security disability insurance benefits (DIB) for want of subject matter jurisdiction.

Fagg filed her first application for DIB in 1992, alleging disability as of December 31, 1980. Her application was denied initially and on reconsideration. An administrative law judge (ALJ) issued an unfavorable decision, which the Appeals Council upheld. The district court found that substantial evidence supported the decision denying benefits, and this court affirmed. See Fagg v. Chater, No. 95-2097 (4th Cir. Feb. 3, 1997) (unpublished).

Fagg filed a second application for DIB in 1995, again claiming a disability onset date of December 31, 1980. She alleged the same disabling conditions as in her previous application for benefits. After her application was denied initially and on reconsideration, Fagg requested a hearing before an ALJ. The ALJ dismissed her request, finding that res judicata barred consideration of her request for a hearing, which involved the identical facts and issues as the earlier decision. The ALJ also found no reason to reopen the earlier decision.

Fagg then filed a complaint in the district court. Acting pursuant to the parties' consent, see 28 U.S.C. § 636(c)(1) (1994), a magistrate

2

judge concluded that the ALJ properly denied Fagg's request for a hearing and that the court was without subject matter jurisdiction to address her claims. Fagg timely appeals from that decision. She asserts that the Commissioner and the district court erred by failing to reopen her prior claim and by applying res judicata to bar consideration of her present claim for benefits. Fagg also contends that she was under a mental disability such that the denial of her request for a hearing deprived her of due process.

After carefully reviewing the materials before us, we conclude that substantial evidence supports the Commissioner's decision and the correct law was applied. We discern no reversible error in the decision below, and we accordingly affirm on the reasoning of the district court. See Fagg v. Apfel, No. CA-98-118-R (W.D. Va. Oct. 5, 1998). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED